IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AL WADE CHOICE, *et al.*, § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-1519 |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 4] filed by Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and JPMorgan Chase Bank ("JPMorgan"), to which Plaintiffs Al Wade Choice and Miriam Choice[1] filed a Response [Doc. # 8], and Defendants filed a Reply [Doc. # 10]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss.

## I. BACKGROUND

In November 2005, as part of their purchase of property in Missouri City, Texas (the "Property"), Plaintiffs executed a Note for $115,920.00 payable to Long Beach

---

[1] It is unclear from the Complaint if there is one plaintiff or two. The Court assumes there are two, despite the use throughout the pleading of the term "Plaintiff."

Mortgage Company ("Long Beach"). Plaintiffs also executed a Deed of Trust. *See* Deed of Trust, Exh. 1 to Defendants' Reply. The Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank, successor to Long Beach, transferred the Deed of Trust to Deutsche Bank. *See* Corporate Assignment of Deed of Trust, Exh. 2 to Motion to Dismiss.

After Plaintiffs' default, the Property was sold at foreclosure to Deutsche Bank in April 2013. Plaintiffs filed this lawsuit on May 23, 2013. The "Nature of Action" [Doc. # 1] refers to the Declaratory Judgment Act of 1934, the Klu (*sic*) Klux Klan Act, the Foreign Sovereign Immunities Act, the Land Sales Full Disclosure Act, the Louisiana Purchase Treaty, the Camp Holmes Treaty, the United Nations Rights of Indigenous People Treaty, and the Supremacy Clause of the United States Constitution. The "Nature of Action" includes a "Jurisdiction and Venue" section, a list of Parties, and a Prayer for Relief. In the "Jurisdiction and Venue" section, Plaintiffs refer to "federal RICO 18 USC 1691-1968 statutes." In the Prayer for Relief, Plaintiffs seek an order requiring Defendants to set forth the nature of their claims to the Property, a declaration that all Defendants' claims are subordinate to Plaintiffs', a decree that Plaintiffs own the Property and Defendants have no rights in it, an injunction granting Plaintiffs quiet title to the Property, and $1,800,000.00 in

damages. Defendants filed their Motion to Dismiss, which has been fully briefed and is ripe for decision.

## II.    STANDARD FOR MOTION TO DISMISS

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498–99 (5th Cir.2000)).

## III.    ANALYSIS

In the "Nature of Action" filed by Plaintiffs, and in their Response to the Motion to Dismiss, the only identified cause of action is a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Claims under the civil RICO statute, 18 U.S.C. § 1962, have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (quoting *Abraham v. Singh,* 480 F.3d 351, 355 (5th Cir. 2007)). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Id.* The predicate acts can be either state or federal crimes, but must be *criminal* acts. *Id.* Where, as here, the enterprise element is based on an "association-in-fact" rather than a formal legal entity, the plaintiff must show that the alleged association (1) has an existence separate and apart from the pattern of racketeering, (2) is an ongoing organization, and (3) has members that function as a continuing unit as shown by a hierarchical or consensual decision making structure. *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995); *Clark v. Douglas*, 2008 WL 58774, *4 (5th Cir. Jan. 4, 2008).

Plaintiffs list several "sections" that they claim are "implicated" as "predicate acts" for purposes of the RICO claim. Plaintiffs allege no facts, however, that explain how any of these "sections" apply in this case. Additionally, Plaintiffs have failed to allege facts supporting the existence of a pattern of racketeering activity or an enterprise. As a result, Defendants are entitled to dismissal of Plaintiffs' complaint in this case.

Plaintiffs' Complaint contains a prayer for a declaration that they are entitled to "the quiet and peaceful possession" of the Property and for an injunction "granting Plaintiff Quiet title to land." The Court construes this as a claim for quiet title under Texas law. To recover on a claim to quiet title, Plaintiffs must prove that they have superior title to the property over Defendants. *Rogers v. Ricane Enters.*, 884 S.W.2d 763, 768 (Tex. 1994). The suit "relies on the invalidity of the defendant's claim to the property" and "exists to enable the holder of the feeblest equity to remove from his way to legal title any ***unlawful hindrance*** having the appearance of better right." *Gordon v. West Houston Trees, Ltd.*, 2011 WL 1598790, *7 (Tex. App. – Houston [1st Dist.] 2011) (internal quotation marks and citations omitted) (emphasis added). In this case, the Property has been sold at foreclosure to Deutsche Bank. Plaintiffs have failed to allege facts that would indicate Defendants' claim to the Property constitutes an "unlawful hindrance" or that Plaintiffs have superior title to the

Property. Absent factual support for any quiet title claim Plaintiffs intend to assert, Defendants are entitled to dismissal of the claim.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In this case, however, Plaintiffs have not requested leave to amend and have not identified any factual basis for a civil RICO, quiet title, or any other viable claim. As a result, the Court concludes that leave to replead would be futile.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 4] is **GRANTED** and this case is **DISMISSED**. It is further

**ORDERED** that Plaintiffs' Motion to Compel [Doc. # 9] is **DENIED AS MOOT**.

The Court will issue a separate final order.

SIGNED at Houston, Texas this 22nd day of **August, 2013**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge